IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-158 |
| | ) | (Formerly CR 107-149) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government submitted its responses to the motion. (Doc. nos. 3, 8). For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, that the judgment in Petitioner's underlying criminal case be **VACATED**, that an identical sentence be **RE-IMPOSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

A federal grand jury returned a four count indictment against Petitioner. United States v. Robinson, CR 107-149, doc. no. 3 (S.D. Ga. Nov. 9, 2007) (hereinafter "CR 107-149"). Counts one through three charged Petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Id. at 1-2. Count four charged Petitioner with possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j),

924(a)(2). Id. at 2-3. The Court appointed Donald H. White, Esquire, to represent Petitioner. Id., doc. no. 13. On January 16, 2008, Petitioner pleaded guilty to a single count of being a felon in possession of a firearm. Id., doc. nos. 23-24. Petitioner was sentenced on May 2, 2008, to, *inter alia*, 52 months of imprisonment.[1] Id.; doc. nos. 27-29.

Petitioner did not file an appeal, but he timely filed his § 2255 motion. Initially, Petitioner raised one claim, alleging that the government breached the plea agreement because he was sentenced based on facts "outside" the plea agreement. (Doc. no. 1). At the direction of the Court, Respondent filed its response to Petitioner's § 2255 motion, wherein it argued that Petitioner's claim was procedurally barred. (Doc. nos. 2, 3). However, Petitioner then filed a reply asserting, for the first time, a claim of ineffective assistance of counsel. (Doc. no. 4). The Court liberally construed Plaintiff's reply as an attempt to amend his § 2255 motion. (Doc. no. 5, p. 2). As Petitioner sought to add this new claim within the one-year period of limitation, his amendment was timely filed. (Id. at 3). As such, the Court allowed Petitioner's amendment asserting a claim of ineffective assistance of counsel. (Id. at 3-4).

In light of Petitioner's newly-asserted claim of ineffective assistance of counsel, more specifically, his allegation that he had requested that his trial counsel file a notice of appeal, the Court set the matter down for an evidentiary hearing. (Id. at 4). Thereafter, Respondent filed a supplemental response to Petitioner's § 2255 motion wherein it conceded that Petitioner is entitled to an out-of-time appeal. (Doc. no. 8). Although Petitioner's trial counsel did not recall Petitioner ever asking him to take an appeal, Petitioner's trial counsel

---

[1] Judgment was entered on June 3, 2008. CR 107-149, doc. no. 29.

also did not recall ever discussing with Petitioner whether to take an appeal.[2] (Id. at 2). Furthermore, Petitioner's trial counsel's review of his case file did not reveal any letter or notes that suggested that an appeal was ever discussed, and trial counsel did not recall ever having any substantive discussion with Petitioner about the advantages and disadvantages of such an appeal. (Id.). The Court resolves the issue as follows.

## II. DISCUSSION

To establish ineffective assistance of counsel, Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Nonetheless, the Court's scrutiny of counsel's performance must be "highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. In this regard, the Court must determine whether counsel's performance was inside "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." Id. at 690.

When reviewing counsel's performance, there is a strong presumption that it falls within the "wide range of reasonable professional assistance," and thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [appellate] strategy.'" Id. at 689. Furthermore, strategic decisions are entitled to a "heavy measure of deference." Id. at 691. As the Eleventh Circuit has

---

[2]Counsel for Respondent states that in preparation for the evidentiary hearing, he spoke to Petitioner's trial counsel about Petitioner's allegations. (Doc. no. 8, p. 2).

succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the [appellate stage] could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

Under the second prong of Strickland, Petitioner is required to establish prejudice from any deficient performance. Strickland, 466 U.S. at 687. However, the Court is mindful that in the Eleventh Circuit, "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (explaining that lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner). Thus, it is not necessary that Petitioner demonstrate any additional prejudice aside from the lost opportunity to appeal.

Furthermore, "an attorney's total failure to file an appeal after being instructed to do so will *always* entitle the defendant to an out-of-time appeal, *regardless of the defendant's chances of success.*" Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (*per curiam*) (quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983) (emphasis added)).

The Court is aware that Respondent, contrary to Petitioner's assertion, maintains that it appears that Petitioner never asked his trial counsel to file an appeal. However, even if Petitioner did not request that his trial counsel file an appeal, the Eleventh Circuit has held that in such a case, the Court "must still determine 'whether counsel in fact consulted with

4

the defendant about an appeal.'" Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (quoting Flores-Ortega, 528 U.S. at 478). Thus, Petitioner's § 2255 motion should still be granted if the Court finds that Petitioner's trial counsel failed to adequately consult with Petitioner. Here, Respondent represents that trial counsel did not recall ever discussing with Petitioner whether to take an appeal, and upon review of his case file could not find any letter or notes that suggested that he ever discussed Petitioner's option to appeal. (Doc. no. 8, p. 2).

In this case, Respondent states that, after receiving notice of the hearing concerning Petitioner's allegation of ineffective assistance of counsel, it contacted Petitioner's trial counsel in the underlying criminal proceedings. (Doc. no. 8, p. 2). From this contact, Respondent determined – in light of Flores-Ortega and Thompson – that Petitioner's trial counsel did not adequately consult Petitioner regarding his right to appeal. (Id. at 3). Accordingly, Respondent concedes that Petitioner is entitled to an out-of-time direct appeal. (Id.). As such, the appropriate remedy for this situation, then, is to allow Petitioner to pursue an out-of-time appeal.

When a court determines that an out-of-time appeal in a criminal case is the proper remedy in a § 2255 proceeding, the Eleventh Circuit directs that the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

5

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, the Court recommends that the procedure set forth in Phillips be followed in this case to re-institute Petitioner's right to appeal. Unless Petitioner elects to retain his own counsel for the appeal,[3] the Court recommends that the presiding District Judge appoint counsel prior to the reimposition of his sentence. After the reimposition of Petitioner's sentence, Petitioner, through counsel, will be allowed ten days in which to file a formal notice of appeal.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal, and **DISMISSED** without prejudice as to all other claims, that the judgment in Petitioner's underlying criminal case be **VACATED**, that an identical sentence be **RE-IMPOSED**, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 25th day of March, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] If Petitioner does choose to retain his own counsel for the appeal, he is **DIRECTED** to file a notice with the Court indicating his intention to retain counsel within the time period allowed for filing objections to this Report and Recommendation. Otherwise, the Court will recommend the presiding District Judge to appoint counsel to represent Petitioner.